1  Jason G. Gong (SBN 181298)
LAW OFFICE OF JASON G. GONG
2  *A Professional Corporation*
2121 N. California Boulevard, Suite 290
3  Walnut Creek, CA  94596
Telephone:  (925) 735-3800
4  Facsimile: (925) 735-3801
Email: jgong@gonglawfirm.com
5
Attorney for Plaintiff
6  BEHRUZ BONSHAHI, an individual

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  BEHRUZ BONSHAHI, an individual,      )      Case No.
                                        )
12            Plaintiff,                 )
                                        )      **COMPLAINT FOR INJUNCTIVE**
13        vs.                            )      **RELIEF AND DAMAGES:** DENIAL OF
                                        )      CIVIL RIGHTS AND FULL AND
14  BRIDGESTONE RETAIL OPERATIONS,       )      EQUAL ACCESS TO PUBLIC
    LLC, and DOES 1 through 10, inclusive, )    ACCOMMODATIONS TO PERSON
15                                       )      WITH PHYSICAL DISABILITY IN
            Defendants.                  )      VIOLATION OF THE AMERICANS
16                                       )      WITH DISABILITIES ACT OF 1990
                                        )      (42 U.S.C. §§ 12101 *et seq.*), AND
17                                       )      CALIFORNIA DISABLED RIGHTS
                                        )      STATUTES (CIVIL CODE §§ 51, 52, 54,
18                                       )      54.1, 54.3; HEALTH & SAFETY CODE
                                        )      §§ 19955 *et seq.*)
19                                       )
20  _____      )

21        Plaintiff BEHRUZ BONSHAHI ("plaintiff"), an individual, complains of defendant

22  BRIDGESTONE RETAIL OPERATIONS, LLC ("defendant" or "BRIDGESTONE"), as the

23  owner and operator of the Wheel Works store located at 1410 Concord Avenue, Concord,

24  California, 94520 ("WHEEL WORKS").  Plaintiff alleges as follows:

25                              **INTRODUCTION**

26        1.       This is a civil rights action for unlawful discrimination based on defendant's

27  failure to design, construct, and maintain its facility and its accommodations to make them

28  readily accessible to, and usable by, individuals with disabilities when it was structurally

---

*Bonshahi v. Bridgestone Retail Operations, LLC, et al.,* Case No.
Complaint for Injunctive and Monetary Relief

1    practicable and readily achievable to do so.

2         2.    The WHEEL WORKS store is a place of public accommodation located at 1410

3    Concord Avenue in the City of Concord.  The lack of accessible public accommodations at

4    WHEEL WORKS has caused plaintiff and other similarly situated individuals with physical

5    disabilities to be denied full and equal access to the store accommodations, facilities, goods,

6    services, and opportunities that are provided to non-disabled members of the public.

7         3.    Plaintiff is a person with a physical disability who requires the use of a wheelchair

8    for mobility.  Plaintiff has been denied full and equal access to the accommodations and services

9    offered at defendant's facility.  Plaintiff visited defendant's facility as an invitee, guest, patron,

10   and customer and personally experienced actionable discrimination that violated his civil rights

11   under federal and state laws.

12        4.    Defendant violated plaintiff's civil rights under Federal and California laws by

13   failing to design, construct, and provide accessible accommodations at its facility.  Plaintiff

14   personally encountered barriers to full and equal access that caused him physical difficulty,

15   discomfort, and embarrassment while attempting to access accommodations at defendant's

16   facility.  Thus, plaintiff seeks injunctive relief against defendant pursuant to Title III of the

17   Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et seq.*, and monetary relief

18   under the California Unruh Civil Rights Act, Cal. Civ. Code Sections 51, 52, and the California

19   Disabled Persons Act, Cal. Civ. Code Sections 54, 54.1, and 54.3, *et seq.*

20                            **JURISDICTION AND VENUE**

21        5.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section

22   1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, *et*

23   *seq.* ("ADA").  Pursuant to 28 U.S.C. Section 1367, the Court also has supplemental jurisdiction

24   over related causes of action under California law arising from the same operative facts and

25   transactions.  These related claims include violations of Cal. Civ. Code Sections 51, 52, 54 and

26   54.3, Cal. Gov't  Code Section 4450, *et seq.*, Cal. Health & Safety Code Sections 19955-19959,

27   and Title 24 of the California Code of Regulations.

28        6.    Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) and is

1   founded on the facts that the real property, which is the subject of this action where plaintiff's

2   causes of action arose, is located within this judicial district at 1410 Concord Avenue, Concord,

3   California, 94520, and in the County of Contra Costa.

4         7.   <u>Intra-district Assignment</u>.   This matter should be assigned to the San Francisco

5   and Oakland Division of the Court under Civil Local Rule 3-2(c) and (d), because the real

6   property where the causes of action arose is located within Contra Costa County.

7   <center>**PARTIES**</center>

8         8.   Plaintiff requires the use of a wheelchair for mobility and for traveling about in

9   public places.  Accordingly, plaintiff is an "individual with a disability" as defined by Federal

10   and California anti-discrimination laws enacted to ensure that individuals with disabilities are

11   afforded full and equal access when visiting and accessing public accommodations to enjoy,

12   participate in, experience, and benefit from, accommodations, and goods and services offered to

13   members of the general public who are non-disabled.

14         9.   Plaintiff visited defendant's business as a customer and was denied of his civil

15   rights to access available services and accommodations in a full and equal manner due to

16   architectural barriers that plaintiff personally encountered.

17         10.   Plaintiff is informed, believes, and alleges that defendant owns and operates, and

18   was at all relevant times acting and performing, or failing to act or perform within its authority as

19   the owner and operator of the business to ensure that the accommodations, goods, services, and

20   opportunities were accessible to plaintiff and other members of the public who have physical

21   disabilities.  Defendant's failure to comply with Federal and State access laws proximately caused

22   the violations and ongoing violations and damages to plaintiff complained of herein.

23         11.   Defendant's business and accommodations are open to the general public to visit

24   and to patronize and therefore is a "public accommodation" or "public facility" subject to the

25   requirements of the ADA and California Civil Code Sections 51, 52, 54, 54.1, and 54.3, *et seq.*,

26   California Health and Safety Code Section 19955, *et seq.,* and California Government Code

27   Section 4450, *et seq.*

28         12.   At all times relevant to this Complaint, defendant has been and is responsible for

ensuring that its facilities are free of architectural barriers preventing full and equal access to public accommodations for persons with disabilities as provided by Code of Federal Regulations, Title 28, Chapter I, Part 36, Subpart B, Section 36.201, and that its goods, services, and opportunities are fully and equally available to persons with disabilities.  Specifically, Section 36.201 provides:

> **§ 36.201   General.**
>
> (**a) Prohibition of discrimination.**  No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation.

*See* 28 C.F.R. §36.201(a).

## FACTUAL ALLEGATIONS

13.     The WHEEL WORKS store is located at 1410 Concord Avenue in the City of Concord.  The premises of this facility consists of, among other things, exterior parking spaces and paths of travel, entrance accommodations, sales and transaction counters, restroom facilities, and other accommodations that are "public accommodations" subject to the design, construction, and barrier removal requirements under Title III of the ADA, the ADA Accessibility Guidelines ("ADAAG"), and California statutory requirements to provide and maintain barrier free accommodations under Government Code Section 4450, *et seq.*, Civil Code Sections 51, 52, 54, 54.1, and 54.3, and Health & Safety Code Section 19955, *et seq*.

14.     Plaintiff is informed, believes, and alleges that defendant failed to design and construct a facility that was readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  Plaintiff also alleges in the alternative, that defendant failed to remove access barriers when it was readily achievable to do so.  Thus, defendant has violated the ADA by failing to provide and ensure full and equal access to its public facilities and accommodations for plaintiff and similarly situated individuals.

15.     Defendant's failure to provide accessible accommodations for plaintiff and similarly situated individuals also violates accessibility standards under Title 24 of the California Code of Regulations, which is known as the California Building Standards Code ("CBC") or

more commonly as "Title 24." Plaintiff alleges on information and belief that the aforementioned facilities have been altered, modified, and/or repaired since its original construction, which in turn, subjects the facilities in question and each of its public accommodations to the access requirements under California Health and Safety Code Sections 19955-19959 as well as the access requirements under Title 24.

16.     Plaintiff visited WHEEL WORKS on April 13, 2022, to shop for car tires. When plaintiff arrived at the WHEEL WORKS parking lot, he did not see any designated accessible parking spaces, signage, and access aisles, which forced plaintiff to park in a non-accessible space away from other vehicles. However, parking in a non-accessible space presented the risk that plaintiff would not be able to reenter his vehicle if another vehicle later parked next to him. Additionally, there was no accessible path of travel from the parking area to the store entrance.

17.     When plaintiff arrived at the store entrance, he had difficulty opening the front door due to excessive door pressure. The noncompliant door caused plaintiff to experience physical difficult and discomfort when he pulled open the heavy front door. Plaintiff additionally experienced physical difficulty, discomfort, and embarrassment when he attempted to access a credit card reader to pay for his purchase. The card reader was located on top of an excessively high sales counter, which made it difficult and awkward for plaintiff to reach and operate.

18.     Before leaving WHEEL WORKS, plaintiff used the men's restroom at the store and encountered a number of access barriers in the restroom. In particular, the soap dispenser, toilet seat cover dispenser, and paper towel dispenser were all positioned too high for plaintiff to reach without physical difficulty and discomfort. Additionally, the flush lever for the toilet was not readily accessible, and the restroom did not have sufficient clear floor space between the open side of the toilet and sink for side transfers to be made. Plaintiff also saw that the sink was missing pipe insulation.

19.     Plaintiff returned to WHEEL WORKS on June 22, 2022, for a scheduled oil change and tire rotation service for his vehicle. Unfortunately, plaintiff encountered many of the same access barriers that he encountered during his first visit to WHEEL WORKS in April 2022. In particular, there was no accessible parking space, signage, access aisle, and path of travel.

1    Plaintiff also experienced physical difficulty, discomfort, and embarrassment when he attempted

2    to access a credit card reader at a sales counter inside to pay for his service.  Because the card

3    reader was fixed on top of an excessively high sales counter, plaintiff could not readily access the

4    card reader to complete his transaction.  Instead, after unsuccessfully attempting to access the

5    device, plaintiff required assistance from an employee who read directions aloud for plaintiff to

6    complete his transaction.  This experience was awkward and also embarrassing for plaintiff.

7    Additionally, while waiting for his vehicle inside the store, plaintiff visited the men's restroom

8    and encountered the same access barriers that he experienced during his first visit to defendant's

9    store.  These barriers once again caused plaintiff physical difficulty and discomfort when he

10   attempted to access defendant's noncompliant restroom accommodations.

11        20.    On August 6, 2022, plaintiff returned to WHEEL WORKS to exchange a

12   defective tire he had purchased in April 2022.  After plaintiff pulled his vehicle into a non-

13   accessible parking space, he realized that he could not exit his vehicle.  Plaintiff called the store

14   and explained his problem to an employee.  The employee told plaintiff he could move his car to

15   a parallel space located by the store entrance once it became available.  About five minutes later,

16   the employee called back to let plaintiff know the space was available.  Plaintiff pulled into the

17   space, lowered his ramp, but realized the path leading to the store entrance was lower than the

18   parking space.  The uneven surface created an excessively steep and unsafe angle for plaintiff's

19   ramp, which made it physically difficult and uncomfortable for plaintiff during his descent.

20   Once inside the store, the employee confirmed that plaintiff's tire was under warranty.  Plaintiff

21   remained in the waiting area until he was notified that his vehicle was ready.  Before leaving,

22   plaintiff had to use the men's restroom and encountered the same barriers that he previously

23   experienced during his prior visits to WHEEL WORKS.  These barriers caused plaintiff physical

24   difficulty and discomfort when he attempted to access defendant's restroom accommodations.

25        21.    Plaintiff is informed, believes, and alleges that defendant is aware of its obligation

26   under the ADA and California access standards and regulations to provide full and equal access

27   to services, accommodations, opportunities, and facilities that defendant offers and makes

28   available to nondisabled persons visiting its store.  Yet, despite this knowledge, defendant has

1  failed to put in place accessible accommodations, facilities, policies, and procedures to ensure

2  that the different accommodations and opportunities defendant provides to the public are fully

3  and equally available to plaintiff and other persons with disabilities.

4      22.    Plaintiff's adverse experiences have, on at least two separate occasions after his

5  last visit to WHEEL WORKS, deterred him from returning to the facility as a customer to avoid

6  encountering the same barriers and experiencing the same denial of full and equal access that

7  caused him difficulty, discomfort, and embarrassment from attempting to access defendant's

8  accommodations, services, and opportunities during his prior visits.

9      23.    Plaintiff seeks to compel defendant to remove all access barriers from its facilities,

10  as required by Federal and California access laws, regulations, and standards to provide plaintiff

11  and other similarly situated individuals full and equal access to the accommodations, facilities,

12  and opportunities that defendant offers and provides to nondisabled members of the public.

13  Plaintiff also seeks deterrence damages from defendant under California law according to proof.

14      24.    Plaintiff is informed, believes, and alleges that defendant failed to provide full and

15  equal access to other accommodations and services at its facility and has failed to remove other

16  barriers that have yet to be identified.  Thus, plaintiff's legal representative requires a formal

17  inspection of defendant's premises and an opportunity to identify and assess all other existing

18  barriers affecting persons with disabilities who are similarly situated to plaintiff.  This inspection

19  will enable plaintiff to determine the appropriate scope of injunctive relief required to correct all

20  of defendant's past, present, and ongoing violations of Federal and California disability access

21  standards, regulations, and laws.

22      25.    Plaintiff is informed, believes, and alleges that he and other similarly situated

23  disabled persons will continue to be discriminated against as long as defendant continues to

24  violate the ADA and California access laws by failing to provide full and equal access to

25  accommodations and opportunities that it offers and provides to the public.  Plaintiff has no

26  adequate remedy at law to address recurring injury should he or other disabled persons visit

27  defendant's facility in its current inaccessible configuration and operation.  Unless the Court

28  grants the requested relief, plaintiff and other disabled persons will suffer and continue to suffer

1   irreparable injury and harm from the denial of full and equal access to accommodations,

2   facilities, opportunities, and services that defendant offers and provides to the public.

3       26.   Defendant's acts and omissions in owning, operating, leasing, constructing,

4   altering, and maintaining the subject facilities denied plaintiff full and equal access to the

5   accommodations, opportunities, and services defendant offers to the public.  Thus, plaintiff

6   seeks an injunction from the Court requiring defendant to make its accommodations, facilities,

7   and opportunities fully accessible to disabled persons and to further compel defendant to take all

8   necessary steps to ensure that the accommodations are maintained in a fully accessible condition

9   and manner.

10      27.   Plaintiff is informed, believes, and alleges that at all relevant times mentioned,

11  defendant knew, or in the exercise of reasonable diligence should have known, that the barriers at

12  its facility violated applicable disabled access requirements and standards, and had a

13  discriminatory impact on plaintiff and other physically disabled persons.  However, defendant

14  has failed to correct the ongoing violations and continues to maintain the very policies and access

15  barriers that unlawfully discriminate against plaintiff and other persons with disabilities by

16  precluding them from full and equal access to the accommodations, facilities, and opportunities

17  that defendant provides to non-disabled persons who visit defendant's facility.

18
### I.   FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
19  ### (42 U.S.C. Section 12101, *et seq.*)

20      28.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

21  the allegations contained in paragraphs 1 through 27 of this Complaint.

22      29.   In 1990, the United States Congress made factual findings regarding persons with

23  physical disabilities and concluded that laws were needed to more fully protect:

24          [S]ome 43 million Americans with one or more physical or
        mental disabilities; [that] historically society has tended
25          to isolate and segregate individuals with disabilities;
        [that] such forms of discrimination against individuals
26          with disabilities continue to be a serious and pervasive
        social problem; [that] the nation's proper goals regarding
27          individuals with disabilities are to assure equality of
        opportunity, full participation, independent living and
28          economic self-sufficiency for such individuals; [and that] the

---
*Bonshahi v. Bridgestone Retail Operations, LLC, et al.,* Case No.
Complaint for Injunctive and Monetary Relief

continuing existence of unfair and unnecessary discrimination
and prejudice denies people with disabilities the opportunity to
compete on an equal basis and to pursue those opportunities
for which our free society is justifiably famous.

*See* 42. U.S.C. Section 12101.

30.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. Section 12102) that:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination
of discrimination against individuals with disabilities;

(2) to provide clear, strong, *consistent, enforceable standards* addressing
discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing
the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce
the Fourteenth Amendment and to regulate commerce, in order to address the major
areas of *discrimination faced day-to-day* by people with disabilities.

*See* 42 U.S.C. Section 12101(b) (emphasis added).

31.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." *See* Section 301 of the ADA, 42 U.S.C. Section 12181, *et seq*.

32.     Section 302 of the ADA, 42 U.S.C. Section 12182, provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33.     The specific prohibitions against discrimination set forth in Section 302(b)(2)(A) of the ADA, 42 U.S.C. Section 12182(b)(2)(A) provide that:

For purposes of subsection (a) of this section, discrimination includes -

(i)     the imposition or application of eligibility criteria that
screen out or tend to screen out an individual with a disability
or any class of individuals with disabilities from fully and

---

equally enjoying any goods, services, facilities, privileges, advantages, or accommodations . . .;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities . . .;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services . . .;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

*See* 42 U.S.C. Section 12182(b)(2)(A)(i)-(v).

34.     Defendant's acts and omissions set forth herein violated plaintiff's civil rights under the ADA and the regulations promulgated thereunder at 28 C.F.R. Part 36, *et seq.*  In 1992, the standards of the ADA were incorporated into California law, making a violation of the ADA sufficient to establish a violation of California Civil Code Sections 51, 52, 54, 54.1, and 54.3, thereby providing access plaintiffs with damages remedies available under these statutes.

35.     Plaintiff is informed, believes, and alleges that defendant's accommodations and facility were designed, constructed, and altered or renovated after January 26, 1992, thereby triggering access requirements under Title III of the ADA that are specifically addressed in the ADA Accessibility Guidelines ("ADAAG").  Among other things, these requirements expressly prohibit the design and construction of facilities for first occupancy after January 26, 1993, that are not readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  *See* 42 U.S.C. Section 12183(a)(1); 28 C.F.R. Section 36.401(a)(1).  Plaintiff is further informed and believes that defendant violated the ADA by designing and constructing its facilities in a manner that made accommodations, services, and opportunities not

1   readily accessible to plaintiff and other physically disabled members of the public when it was

2   structurally practical to do so.  *See* 28 C.F.R. Sections 36.401, 36.406; 28 C.F.R. Part 36,

3   Appendices A and B.  Plaintiff is informed, believes, and further alleges that construction of a

4   readily accessible facility was also required by applicable California law at the time defendant's

5   facilities were constructed, altered, remodeled, or renovated.

6        36.    Plaintiff is informed, believes, and alleges that defendant has denied and

7   continues to deny full and equal access to plaintiff and to other persons with disabilities, which

8   amounts to unlawful discrimination against plaintiff and other similarly situated persons on the

9   basis of their disabilities in violation of the ADA.  Specifically, sections 302 and 303 of the ADA

10  mandates that disabled persons such as plaintiff are entitled to receive the full and equal

11  enjoyment of the goods, services, facilities, privileges, advantages and accommodations that are

12  offered to members of the public who are not physically disabled.  *See* 42 U.S.C. Sections 12182

13  and 12183; *see also* 28 C.F.R. Sections 36.101 and 36.201(a).

14       37.    Pursuant to Section 308 of the ADA, 42 U.S.C. Section 12188, *et seq.*, plaintiff is

15  entitled to the remedies and procedures set forth in Section 204(a) of the Civil Rights Act of

16  1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to ongoing discrimination on the basis

17  of his disability in violation of the ADA and/or has sufficient grounds for believing that he is about

18  to be subjected to unlawful discrimination.  Thus, plaintiff is entitled to an injunction compelling

19  defendant to comply with its obligations under the ADA and to provide plaintiff and other disabled

20  persons with full and equal access to the public accommodations and services at defendant's

21  facility that are enjoyed by nondisabled persons.  *See* 42 U.S.C. Section 12188(a)(2) (providing

22  that "[i]n cases of violations of § 302(b)(2)(A)(iv) and § 303(a) . . . injunctive relief shall include

23  an order to alter facilities to make such facilities readily accessible to and usable by individuals

24  with disabilities to the extent required by this title."); *see also* 28 C.F.R. Section 36.501(a), (b).

25       38.    Defendant's acts and omissions giving rise to this action have caused plaintiff to

26  incur legal expenses and attorney's fees to enforce plaintiff's rights against defendant's unlawful

27  discrimination and to enforce provisions of the law requiring full and equal access to public

28  accommodations for persons with disabilities.  Thus, plaintiff seeks to recover all reasonable

1   attorney's fees, litigation expenses (including expert fees) and costs, pursuant to Section 505 of

2   the ADA (42 U.S.C. Section 12205) and 28 C.F.R. Section 36.505, which is the United States

3   Department of Justice's regulations for enforcement of Title III of the ADA.  Plaintiff also seeks

4   to compel defendant to make its facility accessible to all disabled members of the public, thereby

5   justifying recovery of "public interest" attorney's fees pursuant to California Code of Civil

6   Procedure Section 1021.5.

7        WHEREFORE, plaintiff prays that this Court grants the requested injunctive relief and

8   award attorney's fees, litigation expenses, and costs as hereinafter stated against defendant.

9                    **II.     SECOND CAUSE OF ACTION**
                   **VIOLATION OF CALIFORNIA CIVIL CODE**
10                  **SECTIONS 54, 54.1, AND 54.3, *et seq.***

11       39.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,

12   the allegations contained in paragraphs 1 through 38 of this Complaint.

13       40.    California Civil Code Section 54 provides that persons with physical disabilities

14   are not to be discriminated against because of their physical handicap or disability.  This section

15   provides that:

16            (a)    Individuals with disabilities . . . have the same rights
                    as the general public to full and free use of the streets,
17                  highways, sidewalks, walkways, public buildings,
                    medical facilities, including hospitals, clinics, and
18                  physicians' offices public facilities, and other public
                    places.
19

20       41.    California Civil Code Section 54.1 provides that persons with disabilities shall not

21   be denied full and equal access to places of public accommodation or facilities:

22            (a)(1)   Individuals with disabilities shall be entitled to *full and
                    equal access*, as other members of the general public, to
23                  accommodations, advantages, facilities, medical facilities,
                    including hospitals, clinics, and physicians' offices, and
24                  privileges of all common carriers, airplanes, motor vehicles,
                    railroad trains, motorbuses, streetcars, boats, or any other
25                  public conveyances or modes of transportation (whether private,
                    public, franchised, licensed, contracted, or otherwise provided),
26                  telephone facilities, adoption agencies, private schools, hotels,
                    lodging places, places of public accommodation, amusement or
27                  resort, and other places to which the general public is invited,
                    subject only to the conditions and limitations established by law,
28                  or state or federal regulation, and applicable alike to all persons.

1    *See* California Civil Code Section 54.1(a)(1) (emphasis added).

2         42.    California Civil Code Section 54.1 further provides that a violation of the

3    Americans with Disabilities Act of 1990 constitutes a violation of Section 54.1.  Specifically,

4    Section 54.1(d) provides that:

5              (d)   A violation of the right of an individual under the
               Americans with Disabilities Act of 1990 (Public Law 101-336)
6              *also constitutes a violation of this section*, and nothing in this
               section shall be construed to limit the access of any person in
7              violation of that act.

8    *See* California Civil Code Section 54.1(d) (emphasis added).

9         43.    Plaintiff is a qualified person within the meaning of Civil Code Section 54.1

10   whose rights have been violated by defendant as prohibited by Civil Code Sections 54 and 54.1.

11   Each of the specific architectural barrier defendant has created, maintained, and knowingly failed

12   and/or refused to remove constitutes a separate act in violation of Sections 54 and 54.1 of the

13   California Civil Code.  Plaintiff has been, and continues to be, denied full and equal access to the

14   public accommodations and services available at defendant's facilities.  Accordingly, plaintiff

15   seeks statutory damages pursuant to California Civil Code Section 54.3(a) for each day on which

16   he visited or has been deterred from visiting defendant's facility due to his knowledge, belief, and

17   personal experiences that the accommodations and services there are inaccessible to plaintiff and

18   to similarly situated persons.  Section 54.3(a) of the California Civil Code provides that:

19             Any person or persons, firm or corporation, who denies or
               interferes with admittance to or enjoyment of the public facilities
20             as specified in Sections 54 and 54.1 or otherwise interferes with
               the rights of an individual with a disability under Sections 54,
21
               54.1 and 54.2 is liable for each offense for the actual damages and
22             any amount as may be determined by a jury, or the court sitting
               without a jury, up to a maximum of three times the amount of
23             actual damages but in no case less than one thousand dollars
               ($1,000), and attorney's fees as may be determined by the court
24             in addition thereto, suffered by any person denied any of the rights
               provided in Sections 54, 54.1 and 54.2.
25

26   *See* California Civil Code Section 54.3(a).

27        44.    Plaintiff suffered violations of his rights under California Civil Code Sections 54

28   and 54.1 when he was denied full and equal access to the public accommodations, facilities, and

services stated herein at defendant's facility.  Defendant has denied plaintiff full and equal access to the accommodations, facilities, and opportunities offered at defendant's store, on the basis of plaintiff's status as a person with physical disabilities.

45.     As a result of defendant's acts and/or omissions which denied plaintiff full and equal access to the facilities, accommodations, and services offered at defendant's business, defendant, in owning, operating, managing, and maintaining the subject facility, caused plaintiff to suffer multiple violations of his civil rights, including but not limited to his rights under Sections 54, 54.1 and 54.3 of the California Civil Code.

46.     Plaintiff is informed and believes that before he visited defendant's facility, defendant was aware of its legal obligations under Federal and California law requiring owners and operators of public accommodations to make its facilities readily accessible to persons with disabilities.  Yet, despite this knowledge, defendant discriminated against plaintiff on account of his physical disability and denied him full and equal access to the accommodations, facilities, services, and opportunities that were fully available to nondisabled persons at this facility in violation of Sections 54 and 54.1 of the California Civil Code.

47.     Plaintiff seeks to recover statutory damages pursuant to Section 54.3(a) of the California Civil Code against defendant for violating his civil rights as a person with a disability during his visit defendant's store.  Additionally, plaintiff seeks deterrence damages and currently believes he will encounter the same and/or additional barriers and would again be denied full and equal access to the facility and its goods, services, and accommodations if plaintiff returns to defendant's business to access its accommodations in its current inaccessible condition.

48.     As a result of defendant's acts and omissions in this regard, plaintiff has incurred legal expenses to enforce his civil rights and to enforce provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to California Civil Code Section 54.3, plaintiff seeks to recover his reasonable attorney's fees, legal expenses, and costs incurred in the prosecution of this matter if he is deemed to be the prevailing party.  Plaintiff also seeks to recover statutory damages from defendant and to compel defendant to make its facilities and accommodations fully accessible to

plaintiff and other similarly situated members of the public who have disabilities.  Thus, an injunction is appropriate under Section 55 of the California Civil Code as well as an award of public interest attorney's fees pursuant to Section 1021.5 of the California Code of Civil Procedure if plaintiff is deemed to be the prevailing party.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

### III.    THIRD CAUSE OF ACTION
### DENIAL OF FULL AND EQUAL ACCESS IN A PUBLIC FACILITY TO A PERSON WITH A DISABILITY IN VIOLATION OF CALIFORNIA DISABLED ACCESS STATUTES

49.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this Complaint.

50.    Plaintiff and other similarly situated physically disabled persons whose physical conditions require the use of a wheelchair or other mobility device are unable to use the public facilities at WHEEL WORKS in a "full and equal" manner until defendant fully brings its facilities and accommodations into compliance with provisions of California Health & Safety Code Section 19955, *et seq*.  Plaintiff is a member of the segment of the public whose rights are protected by provisions of this statute.

51.    Under Section 54.1 of the California Civil Code, persons with disabilities are entitled to full and equal access to public accommodations.  "Public accommodations" are further defined as a building, structure, facility complex, or improved area which is used by the general public and shall include parking lots, paths of travel, seating, and attendant facilities.

52.    Defendant owns and operates WHEEL WORKS, thereby subjecting defendant's facilities to the requirements of California's Disabled Rights statutes.  California Health & Safety Code Section 19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients

1  |  or employees in such accommodations or facilities, they shall be made available for the handicapped.

2

3    53.    California Health & Safety Code Section 19956, which appears in the same

4  chapter as Section 19955, provides in pertinent part, "accommodations constructed in this state

5  shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title

6  1 of the Government Code . . . ."   Section 19956 of the Health & Safety Code was operative as

7  of July 1, 1970, and is applicable to all  public accommodations constructed or altered after that

8  date.  Plaintiff is informed, believes, and alleges that defendant's facilities were constructed,

9  altered, or repaired after July 1, 1970.  Thus, the construction and/or modification of these

10  facilities are subject to the requirements of Part 5.5, Section 19955, *et seq.*, of the California

11  Health & Safety Code, which requires defendant to provide full and equal access to persons with

12  disabilities upon completion of such construction, alteration, structural repairs or additions under

13  Health & Safety Code Section 19959.

14    54.    Plaintiff is informed, believes, and alleges that construction, alterations, structural

15  repairs and/or additions were completed on the subject property after January 1, 1968, the

16  effective date of California Government Code Section 4450, *et seq*, and the July 1, 1970 effective

17  date of Health & Safety Code Sections 19955-19959.  Thus, defendant was required to provide

18  accessible accommodations for persons with disabilities in each regard sought in this Complaint.

19    55.    Pursuant to the authority under Government Code Section 4450, *et seq*, the State

20  Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,

21  1982, Title 24 of the California Building Standards Code (formerly known as the California

22  Administrative Code) adopted the California State Architect's Regulations, which apply to any

23  construction or alterations of public accommodations occurring after the effective date.  Title 24

24  was in effect at the time of each alteration, which occurred at defendant's facility after January 1,

25  1982.  Thus, the alterations triggered defendant's duty to comply with the access standards of

26  Title 24 whenever each such "alteration, structural repair or addition" is carried out.

27    56.    Defendant's facility and accommodations are "public accommodations" or

28  "facilities" within the meaning of Health & Safety Code Section 19955, *et seq*.  Defendant

1    violated plaintiff's civil rights by denying him and similarly situated persons with disabilities

2    full and equal access to the accommodations and opportunities that defendant provides to

3    nondisabled members of the public.

4         57.    As a result of defendant's ongoing failure to provide plaintiff with full and equal

5    access to the public accommodations and related facilities at defendant's business, defendant

6    has denied plaintiff and similarly situated persons of their civil rights to full and equal access to

7    the aforementioned accommodations.  Plaintiff believes defendant will continue its unlawful

8    and discriminatory practices unless the Court compels defendant to provide accessible

9    facilities as discussed herein.

10        58.    Plaintiff has had to incur legal expenses to enforce his civil rights to receive full

11   and equal access to the public accommodations for himself and for other similarly situated

12   persons with physical disabilities.  Because plaintiff seeks to enforce an important right that also

13   affects the public interest, plaintiff is entitled to recover his reasonable attorney's fees and legal

14   costs pursuant to the provisions of California Code of Civil Procedure Section 1021.5.  Plaintiff

15   additionally seeks to recover his attorney's fees pursuant to California Civil Code Section 54.3

16   and/or in the alternative, plaintiff will seek to recover his attorney's fees, costs and legal expenses

17   pursuant to Section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)) if he is

18   deemed to be the prevailing party.

19        59.    Defendant's aforementioned acts have proximately caused and will continue to

20   cause irreparable injury to plaintiff if defendant is not enjoined by this Court.  Accordingly,

21   plaintiff seeks injunctive relief and an order compelling defendant to make its facility and

22   accommodations readily accessible to, and fully and equally accessible by, plaintiff and other

23   similarly situated persons with disabilities.

24        WHEREFORE, plaintiff prays for relief as hereinafter stated.

25                **IV.    FOURTH CAUSE OF ACTION**
    **FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS,**
26   **ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN**
    **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51, *ET SEQ.***
27   **(THE UNRUH CIVIL RIGHTS ACT)**

28        60.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

---

1   the allegations contained in paragraphs 1 through 59 of this Complaint.

2       61.   Defendant's actions and omissions and failure to act as reasonable and prudent

3   owners and/or operators of a public accommodation by ignoring, maintaining, and/or creating

4   architectural barriers, policies, practices and/or procedures that have precluded plaintiff and other

5   similarly situated persons with disabilities from full and equal access to the accommodations and

6   opportunities offered by defendant to nondisabled members of the public, violate Section 51 of

7   the California Civil Code, known as the Unruh Civil Rights Act.  The Unruh Act provides:

8           (a)   This section shall be known, and may be cited, as the
            Unruh Civil Rights Act.

9
            (b)   All persons within the jurisdiction of this state are free
10          and equal, and no matter what their sex, race, color, religion,
            ancestry, national origin, ***disability***, medical condition, marital
11          status, or sexual orientation are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services
12          in all business establishments of every kind whatsoever.

13          (c)   This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is
14          applicable alike to persons of every sex, color, race, religion,
            ancestry, national origin, or ***disability***, medical condition, marital
15          status, or sexual orientation.

16          (d)   Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
17          modification of any sort whatsoever, beyond that construction,
            alteration, repair, or modification that is otherwise required by
18          other provisions of law, to any new or existing establishment,
            facility, building, improvement, or any other structure, nor shall
19          anything in this section be construed to augment, restrict, or alter in
            any way the authority of the State Architect to require construction,
20          alteration, repair, or modifications that the State Architect
            otherwise possesses pursuant to other laws.

21                          *   *   *   *

22          (f)   A violation of the right of any individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336)
23          ***shall also constitute a violation of this section***.

24

25   *See* California Civil Code Section 51 (emphasis added).

26       62.   Defendant's acts and omissions have denied plaintiff full and equal access to

27   accommodations, advantages, facilities, privileges and services in a business establishment on the

28   basis of physical disability in violation of Cal. Civil Code Section 51.  Thus, defendant has

---

1   violated plaintiff's civil rights by denying him full and equal access to accommodations, services,

2   and opportunities provided to nondisabled persons who visit defendant's facility.

3       63.    Each violation of the ADA, as stated above, which is incorporated herein as if

4   separately stated, is also a violation of the Unruh Civil Rights Act as provided by Section 51(f)

5   of the California Civil Code.  Plaintiff has been, and continues to be, denied full and equal access

6   to the public accommodations and services available to the general public at defendant's store.

7   Thus, plaintiff seeks statutory damages pursuant to Civil Code Section 52(a) for his visits to the

8   WHEEL WORKS and for each occasion he has been deterred from returning because of his

9   knowledge and belief that the accommodations and services offered at defendant's business

10  remain inaccessible to plaintiff and to other similarly situated persons with disabilities.  These

11  violations of the Unruh Act support an award of minimum statutory damages of $4,000 against

12  defendant for each actionable count of unlawful discrimination experienced by plaintiff.

13      64.    Defendant's acts and omissions have required plaintiff to incur legal expenses

14  and attorney's fees to enforce his civil rights under applicable Federal and California laws that

15  prohibit discrimination against persons with disabilities.  Accordingly, plaintiff seeks to recover

16  his reasonable attorney's fees, litigation expenses and legal costs, pursuant to Civil Code Section

17  52.  Because plaintiff's action also seeks to require defendant to make its facility fully accessible

18  to all disabled members of the public, plaintiff is entitled to an award of "public interest"

19  attorney's fees and costs pursuant to California Code of Civil Procedure Section 1021.5.

20      WHEREFORE, plaintiff prays for relief as hereinafter stated.

21      **<ins>PRAYER FOR RELIEF</ins>**

22      Plaintiff prays that this Court award damages and provide relief as follows:

23  **I.    Prayer for FIRST CAUSE OF ACTION for Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)**

24

25      1.    For injunctive relief, compelling defendant BRIDGESTONE to make the

26  WHEEL WORKS store located at 1410 Concord Avenue, Concord, California, 94520, and its

27  related facilities, accommodations, and services available, accessible to, and usable by plaintiff

28  and other similarly situated individuals with disabilities as required by the ADA, 42 U.S.C.

---

*Bonshahi v. Bridgestone Retail Operations, LLC, et al.,* Case No.
Complaint for Injunctive and Monetary Relief

Section 12181, *et seq*., and to make any and all required modifications in policies, practices, and procedures to provide plaintiff and similarly situated individuals full and equal access to the goods, services, facilities, privileges, advantages, opportunities, and accommodations that defendant offers to nondisabled members of the public.

2.     For reasonable attorney's fees, litigation expenses, expert costs, and costs of suit, if plaintiff is deemed to be the prevailing party; and

3.     For such other and further relief as the Court may deem to be just and proper.

**II.    Prayer for SECOND CAUSE OF ACTION for Denial of Full and Equal Access in Violation of California Civil Code Sections 54, 54.1 and 54.3, *et seq.***

1.     For statutory damages against defendant BRIDGESTONE pursuant to California Civil Code Section 54.3 for each separate occasion of actionable discrimination that plaintiff sustained when he encountered architectural barriers at defendant's business and was denied full and equal access to the goods, services, accommodations, and opportunities offered to nondisabled members of the public, and for deterrence damages;

2.     For attorney's fees pursuant to California Civil Code Section 54.3 and California Code of Civil Procedure Section 1021.5, if plaintiff is the prevailing party, and an injunction under California Civil Code Section 55;

3.     For all costs of suit, expert costs and prejudgment interest, pursuant to California Civil Code Section 3291;

4.     For such other and further relief as the Court may deem to be just and proper.

**III.   Prayer for THIRD CAUSE OF ACTION for Denial of Accessible Public Facilities in Violation of California Health & Safety Code Section 19955, *et seq.***

1.     For injunctive relief, compelling defendant BRIDGESTONE to make the WHEEL WORKS store located at 1410 Concord Avenue, Concord, California, 94520, and its related facilities, accommodations, and services available, accessible to, and usable by plaintiff and other individuals with disabilities, as required by applicable California law;

2.     For attorney's fees pursuant to California Code of Civil Procedure Section 1021.5, if plaintiff is deemed to be the prevailing party;

3.      For all costs of suit, expert costs and prejudgment interest, pursuant to California Civil Code Section 3291;

4.      For such other and further relief as the Court may deem to be just and proper.

**IV.      Prayer for FOURTH CAUSE OF ACTION for Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code Section 51, *et seq.***

1.      For statutory damages against defendant BRIDGESTONE pursuant to California Civil Code Section 52, *et seq.* for each separate occasion of discrimination that plaintiff experienced when he encountered architectural barriers at the WHEEL WORKS store located at 1410 Concord Avenue, Concord, California, 94520, and was denied full and equal access to the goods, services, opportunities, and accommodations offered at the subject facility to nondisabled members of the public, and for deterrence damages;

2.      For attorney's fees pursuant to California Civil Code Section 52, if plaintiff is deemed to be the prevailing party;

3.      For all costs of suit, expert costs and prejudgment interest, pursuant to California Civil Code Section 3291;

4.      For such other and further relief as the Court may deem to be just and proper.


Dated:  October 21, 2022                    LAW OFFICE OF JASON G. GONG
                                            *A Professional Corporation*

                                            */s/ Jason G. Gong*
                               By:     _____
                                            JASON G. GONG
                                            Attorney for Plaintiff
                                            BEHRUZ BONSHAHI